UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEWIS FAIRLEY,

        Petitioner,

v.

        Case Number 08-14052-BC
        Honorable Thomas L. Ludington

CARMEN D PALMER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR STAY AND ABEYANCE

Petitioner Lewis Fairley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 19, 2008. In his petition, he raises claims concerning the admission of other acts evidence and the effectiveness of trial counsel. On June 21, 2010 and August 16, 2010, Petitioner filed nearly identical motions to stay the proceedings and hold this case in abeyance so that he may exhaust state court remedies on an additional claim that the prosecution failed to timely file a habitual offender enhancement notice under Mich. Comp. Laws § 769.13.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay.  He has neither alleged nor shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern.  The one-year limitations period did not begin to run until 90 days after the conclusion of Petitioner's direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about June 23, 2008.  Petitioner dated his federal habeas petition on September 16, 2008.  Thus, less than three months of the one-year period ran before he instituted this action.  While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), such time is equitably tolled by this Court.  *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003).  Given that roughly nine months of the one-year period remains, Petitioner has sufficient time in which to address the additional issues in the state courts and return to federal court should he wish to do so.

Petitioner has also not demonstrated good cause for not raising his additional claim in the state courts before seeking federal habeas relief.  Petitioner's lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, at *2 n.1 (E.D. Mich. March 9, 2007).

Lastly, Petitioner's claim that he received untimely notice of the habitual offender charge under Michigan law fails to state a cognizable claim upon federal habeas review because it is a state law claim.  *See Tolbert v. LeCureaux*, 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993).  Habeas relief

may not be based upon a perceived violation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, due process does not require advance notice that a trial on a substantive criminal charge will be followed by a habitual offender enhancement. Due process only requires that a defendant be given reasonable notice and an opportunity to be heard. *See Oyler v. Boles*, 368 U.S. 448, 452 (1962). The record reveals that Petitioner and defense counsel received sufficient notice of the habitual offender charge. *See People v. Fairley*, No. 271965, 2007 WL 4404642, at *6 (Mich. Ct. App. Dec. 18, 2007) (finding that while the preliminary hearing began on October 18, 2005, Petitioner was arraigned on October 25, 2005, and the habitual offender notice was filed on November 15, 2005). The habitual offender notice claim is thus plainly meritless. Further exhaustion of the issue in the state court would also be futile given that the Michigan Court of Appeals addressed this issue in resolving Petitioner's ineffective assistance of counsel claims. *Id*. A stay is unnecessary under such circumstances.

Accordingly, it is **ORDERED** that Petitioner's motions for stay and abeyance [Dkt. # 12, 13] are **DENIED**. If Petitioner still wishes to pursue his unexhausted claim in state court, he may move for voluntary dismissal of his habeas petition on or before November 23, 2010. He may then re-file his petition when the remaining state claim is exhausted. If he does not do so, the Court will proceed on the claims contained in the present petition.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 26, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 26, 2010.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS